UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PAUL BLAIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:21-cv-00068-NT |
| | ) | |
| ST. MARY'S HEALTH SYSTEMS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Defendants ask the Court to reconsider its order on Plaintiff's motion for a limited protective order. (Motion for Reconsideration, ECF No. 23.) Through his motion, Plaintiff requested an order that would allow him to defer the production of recorded interviews of certain witnesses until after the depositions of the witnesses. (Motion, ECF No. 16.) The Court granted Plaintiff's motion citing the lack of opposition to the motion and relevant legal authority in this District. (Order, ECF No. 22.) Defendants maintain that reconsideration is appropriate because although they oppose the motion, they mistakenly did not file an opposition to the motion by the deadline established by the Court.

After consideration of the parties' arguments, the Court grants the motion for reconsideration to the extent Defendants ask the Court to assess the merits of Defendants' opposition to Plaintiff's motion. Following consideration of the Defendants' argument, the Court declines to vacate or modify its prior order granting Plaintiff's motion.

## DISCUSSION

Plaintiff alleges that Defendants retaliated against him in his employment after he observed and reported certain practices that he believed to be contrary to federal regulations and that placed patient and employee safety at risk. Plaintiff asserts that due to a concern that his report might result in retaliation and litigation, he recorded conversations with four managers employed by Defendants without the knowledge of the managers. Plaintiff asks the Court to permit him to delay production of the recordings until after the managers' depositions.

After Plaintiff filed his motion for a protective order on July 30, 2021, in accordance with District of Maine Local Rule 7(b), the Court established an opposition deadline of August 13, 2021, rather than the 21-day response period provided by Local Rule 7. According to Defendants' reconsideration filing, Defendants inadvertently failed to note the modified deadline. Defendants included a response to the motion for protective order with their motion for reconsideration, which was filed two days after the Court granted the motion for protective order and on the day Defendants' response would have been due under the Local Rule had the Court not established a different deadline.

The parties disagree as to the standard the Court should apply to the motion for reconsideration. Regardless of the standard, fundamentally, "[a] motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see it that way. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations

omitted). Here, while the Court cited relevant authority in this District to support its decision, because Defendants did not file an opposition to the motion by the deadline, the Court did not consider Defendants' arguments. Defendant's motion, therefore, is not an attempt to reassert arguments that were previously made and rejected. The issue is whether counsel's inadvertence should preclude consideration of Defendants' arguments.

While the Court considers enforcement of filing deadlines established by the Court and by court rules to be important to the administration of justice, the Court must balance the enforcement of a deadline with the preference to decide the relevant issues on the merits and the recognition that on occasion, well-intentioned, conscientious parties might inadvertently miss a deadline. In this case, the record lacks any evidence to suggest that Defendants' failure to file a response by the deadline established by the Court was the result of Defendants' intention to consent to the protective order or Defendants' disregard of the legal process or the rules that govern the process. To the contrary, when Defendants realized the deadline had passed and the Court had granted the motion, Defendants promptly moved for reconsideration and filed their opposition to the motion. Furthermore, the Court discerns no prejudice to Plaintiff if the Court considers the merits of Defendants' opposition to the motion. The Court, therefore, will consider the merits of Plaintiff's motion and Defendants' opposition to the motion.

A party upon whom discovery is served may move for a protective order under certain circumstances. Fed. R. Civ. P. 26(c). Rule 26 authorizes a court, "for good cause," to "issue an order to protect a party or person [upon whom discovery is served] from annoyance, embarrassment, oppression, or undue expense." *Id*. In addition, under Federal

Rule of Civil Procedure 45, a court must quash or modify a subpoena if the subpoena "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv); *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003).  Plaintiff contends a protective order is appropriate to "protect the impeachment value" of the recordings. Defendants argue the recordings are substantive evidence and maintain that pertinent legal authority supports the production of the recordings without delay.

The authority in this District, however, does not support Defendants' argument, and Defendants' attempt to distinguish the relevant decisions in this District is unpersuasive. In three similar circumstances (i.e., whether prior statements must be produced before a witness' deposition in an employment retaliation case), the District concluded that a delay of the production was appropriate.  See *Manske v UPS Cartage Services, Inc,* 789 F. Supp. 2d 213 (D. Me. 2011); *Jewell v. Lincare,* No. 1:11-cv-00195-NT (D. Me. Dec. 14, 2011); *Gerber v. Down East Community Hospital, et al.*, No. 1:09-cv-00351-JAW (D. Me. March 1, 2010).   The Court's assessment in *Manske* is instructive and sound.  In *Manske*, the Court found that "[p]reserving the impeachment value of prior statements is good cause for a limited protective order" and that "[c]ourts have widely determined that production until after depositions is the preferred solution when evidence could potentially have both substantive and impeachment value." 789 F. Supp. 2d at 217.

The Court does not have the recordings to review, but the Court can reasonably conclude that the recordings include potential substantive and impeachment evidence. Consistent with the reasoning in prior cases in this District, the limited protective order requested by Plaintiff is warranted.

## CONCLUSION

Based on the foregoing analysis, the Court grants in part the motion for reconsideration. The Court grants the motion to the extent Defendants ask the Court to consider their argument in opposition to Plaintiff's motion for a limited protective order. Upon consideration of the Defendants' argument, the Court declines to vacate or modify its prior order granting Plaintiff's motion. Within two days of the deposition of each witness, Plaintiff shall produce the recorded conversation between Plaintiff and the witness.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th of September, 2021.