UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL BLAIS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   2:21-cv-00068-NT |
| | ) |
| ST. MARY'S HEALTH SYSTEMS, | ) |
| et al., | ) |
| | ) |
|     Defendants | ) |

## ORDER ON DEFENDANTS' MOTION FOR LIMITED PROTECTIVE ORDER

In this case in which Plaintiff alleges employment retaliation, Defendants ask the Court for a protective order that would allow Defendants to withhold from discovery until after Plaintiff's deposition, notes authored by Plaintiff and evidently found by one of Defendants' employees in Plaintiff's former workspace.  (Motion, ECF No. 39.) Defendants represent the notes include some of Plaintiff's complaints about his employment and Defendants' response to the complaints. (Motion at 1.)  Plaintiff opposes the motion.

After consideration of the parties' arguments, the Court denies the motion.

### DISCUSSION

Defendants' contend the protective order is appropriate given the Court's grant of Plaintiff's request for a limited protective order, which permitted Plaintiff to defer the production of recordings Plaintiff made of his conversations with four managers employed by Defendants until after the managers' depositions. (Order, ECF No. 26.)  In the order on

Plaintiff's motion, the Court cited authority in this District that allowed a plaintiff to defer the production of prior statements made by the defendant's agents in employment retaliation cases. (Order at 4.) The Court found the Court's assessment in *Manske v. UPS Cartage Services, Inc,* 789 F. Supp. 2d 213 (D. Me. 2011) to be "instructive and sound." (Order at 4.) In *Manske*, the Court noted the value of impeachment evidence in an employment retaliation case: "In employment cases, where shifting explanations for adverse employment action may evince retaliatory motive, preventing management witnesses from tailoring their testimony to prior comments is of particular importance to a plaintiff's case." *Id.* at 217.

Defendant's request does not generate the same concern. The subject of Defendant's motion is fundamentally different than the recordings that were the subject of Plaintiff's motion. Plaintiff recorded conversations with Defendants' managers due to retaliation concerns (i.e., the concerns identified by the Court in *Manske*). (Plaintiff's Motion for Limited Protective Order at 1-2, ECF No. 16.) The notes Defendant seeks to withhold temporarily were not generated by Defendants but were prepared by Plaintiff at some point during his employment and Defendants happened to find the notes in Plaintiff's former workspace. Neither the Court's order on Plaintiff's motion nor the District authority cited in the order established a general rule that a party may withhold from discovery all prior statements of a party or witness until after the party or witness is deposed. *See, e.g.*, *Jewell v. Lincare,* No. 1:11-cv-00195-NT (D. Me. Dec. 14, 2011) (Court rejected "the notion that one iron clad rule will govern every case.") Rather, this District has appropriately recognized that in certain types of cases, the circumstances might warrant a

2

protective order that allows a party to defer the production of a prior statement until after a deposition. Defendant's motion does not present such a situation.

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' motion for a limited protective order.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of February, 2022.